## Lyons v. Commonwealth.

(Decided September 21, 1917.)

### Appeal from Fulton Circuit Court.

1. Assault and Battery—Indictment and Information.—An indictment for assault and battery which charges defendant "unlawfully, maliciously, negligently and wantonly" ran his automobile against and over a witness, is sufficient, although it does not charge it was done willfully, because the word "malicious" includes and embraces the word willful.

2. Criminal Law—New Trial—Newly Discovered Evidence.—A motion for new trial on the grounds of newly discovered evidence, to be available, should be supported by the affidavit of the witness by whom the alleged newly discovered facts are sought to be proven, or other affidavit than that of the defendant.

3. Criminal Law—New Trial—Argument of Counsel.—Although the Commonwealth's attorney in the opening statement and in the concluding argument makes statements calculated to arouse the jury, but which are not inconsistent with the evidence, yet the defendant is not entitled to a new trial, because there is no prejudicial error.

EDWARD THOMAS for appellant.

CHARLES H. MORRIS, Attorney General, and HENRY F. TURNER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is an appeal by Whitlock Lyons from a judgment of conviction in the Fulton circuit court, imposing on him a fine of two hundred seventy-five dollars, on indictment accusing him of assault and battery.

Appellant Lyons with his wife and another were driving a big automobile on Second street, in the city of Fulton, at about noon one day last January, when Kenneth Stokes was knocked down and run over by the machine and badly injured. Immediately thereafter the grand jury of the Fulton circuit court, at its January term, returned an indictment charging Lyons unlawfully, maliciously, negligently and wantonly ran his automobile against and over Stokes and injured him. The case was tried at the next regular May term of the court.

Lyons complains of the verdict and judgment:

First: Because he insists that his demurrer should have been sustained to the indictment, because it is not charged that the assault and battery was *willfully* done.

Second: Because the court refused to grant a continuance of the case at the May term on account of the absence of a witness.

Third: Because of the admission of incompetent evidence, and permitting the attorney for the Commonwealth in his opening statement to say: "The Commonwealth will prove that the defendant, after the said Stokes was struck and was wallowing in the streets in his blood, ran off and never stopped his automobile to look after the said Stokes."

Fourth: Because the court declined to peremptorily instruct the jury to find the defendant not guilty.

Fifth: Because the court misinstructed the jury and failed properly to instruct the jury as to the law of the case.

Sixth: Because the verdict is against and contrary to the evidence.

Seventh: Because the Commonwealth's attorney in the argument before the jury stated: "Gentlemen of the jury, I want you to remember how this defendant, after wantonly running over this boy, Stokes, ran off from him and left him there wallowing in the street in his blood, and failed to give him any help, and I want you to fine the defendant heavily, and you ought to send him to jail and remind him and all such as he, that they do not own the streets and the right to run their big auto-

mobiles down the streets at such a high speed as shown here, at twenty-five miles an hour, and drive others lawfully on the streets, from it.'' The court having declined to exclude the statement from the jury upon the motion of appellant.

Eighth: Because appellant, after the trial for the first time, discovered new evidence which he insists was important to his defense, to-wit: That young Stokes, the injured party, had stated to different persons in substance that he, Stokes, was out in the street farther from the north sidewalk, on Second street, than any of his companions, and that he started diagonally across the street in front of the automobile and started to turn back just as the automobile struck him. That he learned these facts from physicians who attended Stokes, but that he did not procure the affidavit of Stokes or the doctors because he felt that Stokes was unfriendly to him, and because a civil suit for damages had recently been filed against him by Stokes, or some member of his family, and these several grounds were set up in the motion for new trial, supported only by the affidavit of Lyons.

The indictment appears to be in the regular form in the case of assault and battery, except for the omission of the word ''willfully.'' It is charged, however, that the striking and wounding was done unlawfully, maliciously, negligently and wantonly. This court in several cases has held that the word ''willfully'' is not necessary to the validity of an indictment. Burnett v. Commonwealth, 172 Ky., page 397; Greer v. Commonwealth, 164 Ky., page 396; Overstreet v. Commonwealth, 147 Ky., page 471; Criminal Code, section 122.

At all events, the word ''maliciously'' used in this indictment includes and embraces the word ''willfully.''

'' 'Malice,' in its common acceptation, means ill-will towards some person. In its legal sense, it applies to a wrongful act done *intentionally*, without legal justification or excuse. A man may do an act willfully, and yet be free of malice. But he cannot do an act maliciously without at the same time doing it willfully. The malicious doing of an act includes the willful doing of it. Malice includes intent and will.'' (Black's Law Dictionary.)

The demurrer to the indictment was, therefore, properly overruled.

The indictment was returned at the January term; the case was not tried until the next regular May term.

The appellant at the May term announced not ready and filed his affidavit for a continuance. The Commonwealth's attorney agreed to allow the affidavit, in so far as it related to the evidence of the absent witness, to be read to the jury as the deposition of that witness, whereupon the court overruled the motion for a continuance, but allowed the affidavit to be read as the deposition of the absent witness. Since the May term was not the appearance term of this case, and there were many other witnesses present who saw the accident, and since the evidence contained in the affidavit is only cumulative, we do not think the circuit court abused its discretion in overruling the motion for a continuance. Upon the whole, we think the court very carefully guarded the interest of the defendant in the introduction of testimony.

The Commonwealth's attorney, perhaps, overstepped the bounds of strict propriety in the statement of the case and in the argument at the conclusion of the trial, but we do not find the statements alleged to have been made by him to be far from the facts as found in the evidence, and the statements were therefore not prejudicial to appellant.

The facts proven in evidence for the Commonwealth were sufficient to warrant the court in submitting the case to the jury, and appellant's motion for peremptory instruction in his favor was properly overruled.

The instructions fairly present the law of the case and are in the usual form employed by trial courts in such cases. Neither can it be truthfully said that the verdict is against the evidence and the law or contrary to either.

The alleged newly discovered evidence set forth in the supplemental motion and ground for new trial does not possess such weight and character as would likely change the result upon another trial. At any rate, appellant saw Stokes immediately before he struck him with the automobile and knew the fact with reference to his crossing the street and turning back, if that were true. His wife and a friend were also in the automobile and saw the occurrence and knew whether Stokes started across the street and turned back. While the wife could not have testified for her husband, she could have related the facts to him and thus enabled him to prepare his defense. Besides, Stokes himself was in the city of Fulton at and before the time of the trial. If he was unable to come to court, his deposition could have been taken, or he

could at least have interviewed him or had his attorney do so.

It appears that appellant did not even cause a subpoena to be issued for the witness Turner, nor did he take any steps whatever to procure the evidence of the absent witness. From the record we 'gather that Mr. Turner was a friend of appellant, Lyons, and was frequently in Fulton. Upon these facts the trial court proporly denied a continuance at the May term.

A motion for a new trial on the ground of newly discovered evidence should be supported by the affidavit of the witness or witnesses which the defendant expects to use and whom it is alleged will testify to the newly discovered facts, or by some other evidence than the affidavit of the defendant; and a new trial will not be granted on newly discovered evidence which is merely cumulative. In this case the defendant did not file the affidavit of either the witness Stokes or of the physician whom he says gave him the facts. Under the well-established rule in this jurisdiction his application for new trial on grounds of newly discovered evidence was, therefore, properly overruled.

There appearing in the record no error adversely affecting the substantial rights of the appellant, the judgment is affirmed.