## Wright v. Commonwealth.

(Decided October 4, 1927.)

Appeal from Pike Circuit Court.

1.   Criminal Law.—Motive may be proven to show that act was willful or done with criminal intent, but is not essential element of crime.

2. Criminal Law.—Jury's verdict should not be disturbed by Court of Appeals on ground that it is flagrantly against evidence, unless it appears so against the truth as to shock the court's conscience.

3. Criminal Law.—In murder trial, it was proper to introduce clothing worn by deceased at time of killing as evidence in chief.

4. Criminal Law.—Where defendant, in murder trial, offered evidence that hammer of pistol·cut hole in deceased's shirt when he snapped pistol, intending to shoot defendant, commonwealth was properly permitted to introduce shirt in evidence.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was convicted of manslaughter, and his punishment fixed at four years in the state reformatory. He urges three grounds for reversal: (1) The verdict is not supported by the evidence. (2) The court sustained objections to competent testimony offered by appellant. (3) The court over his objections allowed evidence in chief to be introduced as rebuttal testimony.

Appellant appears to be of the opinion that the evidence was not sufficient to uphold the verdict of the jury because no motive was shown for the killing. Appellant killed his half-brother, Lee Wright, and, if the witnesses for the commonwealth are to be believed, there was neither excuse nor justification for the killing. Appellant is 18 years of age, and his brother was about 27. His brother had been in the army for some years, and had returned to the neighborhood only about a month before he was killed. On the day of the killing, he was considerably under the influence of liquor, and had a pistol concealed in his bosom. He had been disorderly at different places in the neighborhood during the day. He asked appellant to go with him to a particular place, and appellant reluctantly went along, riding behind him on a mule. When the store of Ervine Anderson was reached, they stopped, and appellant alighted from the mule and went into the store and there procured a package of cigarettes and matches which he returned and gave to his brother. His brother then alighted from the mule and made a search on the ground for a pistol holster which he did not find. He then went into the store, and, after having been there a few minutes, he and the appel-

lant were seen whispering together. Appellant drew his pistol and shot his brother six times. Appellant testified that his brother was trying to draw the pistol from his bosom, and that he thought it was necessary for him to shoot him to save his own life. If the testimony of the witnesses for the commonwealth was true, appellant was guilty of murder without excuse or justification. If the testimony of appellant and his witnesses was true, he probably had some basis for his belief that it was necessary for him to shoot to protect his life. The questions were submitted to the jury, and the jury's verdict indicates that the excuses which he offered for the killing of his brother had some weight.

It is true no motive is shown for the killing, but motive is not an essential element of crime. It may be proven to show that an act was willful, or that it was done with a criminal intent. It is never necessary to show a bad motive before convicting a man of a crime. The verdict of a jury should not be disturbed by this court on the ground that it is flagrantly against the evidence, unless it appears so against the truth as shown by the proof as to shock the conscience of the court. Deaton v. Comlth., 211 Ky. 651, 277 S. W. 1001.

The complaint about the admission of incompetent evidence is of a trivial nature. A consideration of the evidence towards which the complaint is directed convinces us that the court was not in error in excluding the evidence.

The evidence in chief which was offered in rebuttal was the introduction of the clothing worn by Lee Wright at the time he was killed. It was proper to introduce the clothing as evidence in chief. McCandless v. Comlth., 170 Ky. 301, 185 S. W. 1100. The appellant offered some proof tending to show that his brother, in attempting to shoot him, snapped his pistol, and the hammer cut a hole in the shirt which he wore. After this evidence was introduced by appellant, the commonwealth produced the shirt and offered it in evidence. This was not error. The court admonished the jury from time to time as to the purpose for which certain evidence was introduced and for what purpose it might be considered. The record is free from errors.

Judgment affirmed.