## Barnes v. Commonwealth.

(Decided May 27, 1930.)

HENRY WATSON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant· was convicted of grand larceny in the Montgomery circuit court. His punishment was fixed at confinement in the penitentiary for one year. The· first ground relied on for a reversal is that the court should have sustained a peremptory instruction directing the jury to find for him. The facts are simple and were presented to the jury clearly and concisely. James M. Bigstaff was the owner of a large farm on the Winchester Pike not far from Mt. Sterling. This farm was inclosed by a wire fence and there was a gate opening onto the Prewitt Pike. Near this gate was a hole in the fence which had been stopped by placing a stump in the hole. Mr. Bigstaff had a flock of sheep and lambs. On Saturday, June 15, 1929, he received notice from a Mr. Lee that six of his ewes and eleven lambs had been found on the farm of Mr. Lee. Late that afternoon he sent one of his tenants to the Lee farm, but the sheep and lambs could not be found. The next morning three of the ewes and six of the lambs were found in the barn of John Barnes in the same neighborhood as the farm of Mr. Lee. John Barnes was the father of the appellant, Guy Barnes. The sheep had metal tags in their ears placed ·there by the owner, and when they were found these tags had been torn out so recently that blood was still on their ears. The tags contained the name of the owner, as well

as a number. These tags were on the ears of the sheep Saturday morning when they were discovered on the farm of Mr. Lee. They also had a brand and a number stamped or branded on them. There is not the slightest doubt that the sheep were the property of Mr. Bigstaff. That is not and could not be disputed. Mr. Bigstaff took the sheep home. There is nothing in the record to show what became of the other sheep and lambs which were on the farm of Mr. Lee Saturday morning. When Mr. Bigstaff examined his flock and his premises, he discovered that he had lost six ewes and eleven lambs, and there is evidence that the stump had been removed from the hole in the fence and signs of an automobile or truck track in the road near by.

When the sheep were found in the barn of Mr. Barnes, appellant, who was absent at the time, later admitted that he found the sheep on the place and knowing that they were strange sheep he drove then into the barn until the owner could be ascertained. He knew nothing about the removal of the tags from the ears of the sheep, so he stated, and he did not know to whom the sheep belonged. A witness testified that about noon on Saturday, the day that the sheep were discovered on the farm of Lee, he saw appellant, and another man riding a gray horse, driving the sheep from the Lee farm towards the Barnes farm. He was positive in his identification of the appellant. Appellant denied this and undertook to prove that he was in Mt. Sterling from 10:30 a. m. until 4 p. m. on Saturday, June 15th. It was after he returned from Mt. Sterling, according to his testimony, that he discovered the sheep and put them in the barn. His statement that he was in Mt. Sterling about noon on the 15th was corroborated by other witnesses.

Another bit of most damaging evidence against appellant was that he went to the owner of a restaurant in Mt. Sterling and made an effort to get some of the young ladies who worked there, as well as the owner, to give him a receipt showing that he had paid for three lunches at that restaurant on June 15th. The owner testified in some detail as to the efforts of appellant to get him to make out a bill and receipt it, and to show that it bore the date of June 15th. Appellant explains this by saying that he knew he had eaten at the restaurant on

that day with a friend, and that he was not certain whether he paid the bill or had it charged, and that he was seeking information legitimately which would aid him in his defense.

The facts show that the sheep and lambs disappeared from the farm of Bigstaff on Friday night, June 14th, probably through a hole in the fence, and that tracks of a motor vehicle were found near by. They were discovered next morning on the farm of Lee adjacent to the farm of Barnes with gates often left open between the lot where the sheep were found and the inclosure on the Barnes' farm. The sheep and lambs disappeared from the Lee farm before the owner could get them and about half of them had vanished entirely. A witness saw appellant driving the sheep towards the barn where they were found. The metal tags were in their ears when they were seen on the Lee farm on Saturday, but had been torn out when the sheep were discovered early Sunday morning. Appellant, according to the testimony of those at the restaurant, sought to obtain evidence which he could use in his defense which would not have been genuine. It may be that appellant is innocent of the charge, but if so he is a most unfortunate young man, as there was evidence abundant to justify the court in submitting the case to the jury and the jury found him guilty. This court cannot disturb the verdict of a jury in a criminal case unless it is flagrantly against the weight of the evidence. Kirk v. Commonwealth, 192 Ky. 460, 233 S. W. 1060; Haynes v. Commonwealth, 194 Ky. 469, 239 S. W. 780; Wells and Isaacs v. Commonwealth, 195 Ky. 740, 243 S. W. 1015; Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001; Dalton v. Commonwealth, 216 Ky. 317, 287 S. W. 898; Wright v. Commonwealth, 221 Ky. 226, 298 S. W. 673.

Complaint is made because the court did not allow a witness, John Roark, to state what appellant said to him on Saturday afternoon after the sheep had been discovered; but the evidence was not competent. If such evidence was competent, any one guilty of a crime could supply himself with evidence by making statements showing his innocence to those with whom he might come in contact. Such evidence is what is generally known as self-serving declarations.

Appellant was well represented by his counsel in the lower court and in this court, and no error was made to his prejudice by the trial judge, and the verdict is not flagrantly against the evidence.

Judgment affirmed.