## Commonwealth v. Temple.

(Decided May 22, 1931.)

J. W. CAMMACK, Attorney Geenral, and W. J. BAXTER for appellant.

D. C. HUNTER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Certifying the Law.

G. M. Temple was indicted in the Jessamine circuit court for assault and battery. It was alleged, in substance, in the indictment that he unlawfully, willfully, and feloniously, in a careless, negligent, reckless, and wanton manner, made a violent assault upon Virgil McWilliams, Hattie McWilliams, and Billy McWilliams by driving his automobile against the automobile in which they were driving, throwing them out of their car or against it, and inflicting great injuries upon their persons. The case came on for trial upon a plea of not guilty. The evidence was heard, and at the conclusion of the evidence the court peremptorily instructed the jury to find for the defendant. The commonwealth appeals.

The proof for the commonwealth, briefly stated, showed these facts: Mr. and Mrs. McWilliams were driving along the pike from Lexington to Harrodsburg, going about ten or twelve miles an hour. When they first saw Temple's car he was approaching them very rapidly on the wrong side of the road and the top of his car was leaning out. Mrs. McWilliams said to her husband: "Look at that car." He put his foot on the brake and pushed on the gas and pulled to the side of the road, getting one wheel clear off the road. Temple's car kept coming until it got close to them and then whipped to the west side of the road and then suddenly turned and ran into them, striking their car about the middle of the radiator, throwing them against the windshield and severely injuring them.

On the other hand, the proof for the defendant was in effect that there was a curve in the road; he was driving on the right side of the road, the rear wheel slipped off the road, the defendant cut his car, the rear wheels slid until they caught on the rocks, and then the car skidded across the road and struck the other car. The proof for the defendant also shows that the road was wet and slippery, and that he was not running more than twenty or twenty-five miles an hour.

In Lyons v. Commonwealth, 176 Ky. 657, 197 S. W. 387, the defendant was indicted for assault and battery in running his car against another on one of the streets in the city of Fulton. He was found guilty, and the judgment was affirmed by this court, although there was no proof of actual malice or ill will, upon the ground that the malicious doing of an act includes the willful doing of it, and that an illegal intent may be inferred from the willful doing of an act which is reckless. In State v. Hamburg (Del. Gen. Sess.) 143 A. 47, 48, the following statement of the law was approved:

"While there is very little authority on the question, there seems to be no good reason to doubt that a person may be guilty of criminal assault and battery if he intentionally does an act which by reason of its wanton and grossly negligent character exposes another to personal injury and does in fact cause such injury."

In State v. Schutte, 87 N. J. Law, 15, .93 A. 112, 114, the court, after considering a number of authorities, thus summed up the rule:

"There is therefore no legal reason why the crime of assault and battery may not be committed by driving an automobile on a public highway at a rate of speed that endangers the safety of other persons and actually results in such an injury."

In Commonwealth v. Bergdoll, 55 Pa. Super. Ct. 186, the defendant was indicted as here for assault and battery, and the charge was that he had run his car against another car, thus injuring the persons in that car; sustaining a conviction the court said:

"There was evidence of reckless speed, and reckless running of the car, so that it zigzagged along the highway, fro mside to side. There was also evidence that the defendant ran his car on the wrong side of the street, as he approached the McIlVaine car. The same evidence would support a finding that the defendant was running at great speed and collided with the McIlvaine car when the latter was at the right side of the highway close to the gutter."

In Tift v. State, 17 Ga. App. 663, 88 S. E. 41, the court thus stated the rule in a like case:

"Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety. Dennard v. State, 14 Ga. App. 485, 81 S. E. 378. The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions bruises, blows, and similar physical injuries to persons in the vehicle so struck." To the same effect, see People v. Clink, 216 Ill. App. 357; 5 C. J. p. 726, sec. 192; Luther v. State, 177 Ind. 619, 98 N. E. 640; Bleiweiss v. State, 188 Ind. 184, 119 N. E. 375, 122 N. E. 577; Berry on Automobiles, sec. 1754.

There was evidence here that the defendant was driving his car in a grossly careless or reckless manner in disregard of the safety of others on the road, and the case should have been submitted to the jury. Grossly careless means failing to exercise slight care. The law is so certified.