## Teeters v. Commonwealth.

June 3, 1949.

J. Leonard Davis for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Wilburn Teeters was convicted of maliciously shooting and wounding W. W. Whitfield with intent to kill and given two years in the Penitentiary. He appeals.

While other grounds are set out in motion and grounds for new trial, the grounds urged for reversal and arguments in support thereof all pertain to instructions.

In order properly to determine the efficacy of the grounds urged it will be necessary to look at the evidence. Appellant and the Whitfields were strangers. The evidence shows, on the occasion of the alleged shooting, Bill Whitfield was in the home of his brother, George, when George's little boy informed them there was a motorcycle in the yard. Whereupon, George and Bill went to investigate. When they reached the front gate they observed the appellant crawling under a culvert where he remained a few minutes before crawling out. In relating to the jury what took place, Bill Whitfield said:

"He walked in the yard, and we started toward the house. He came with us. He pulled a bottle of liquor out and took a drink, and offered us one. George said, 'You ought not be drinking in my front yard.' He put it back in his pocket and went on up to the motorcycle. He started to take another drink, and George said, 'I told you once not to drink in my front yard.' He put the liquor back in his pocket, and said, 'You fellows help me pull this out.' George said, 'No, you are in no shape to ride a motorcycle, you are apt to get killed or kill somebody.' He pulled a gun, and George grabbed him from one side, and I grabbed him from the other side, and we all went to the ground, and the gun went off."

George Whitfield's testimony in substance was the same as that of his brother. That is the sum total of the testimony of the Commonwealth as to how the shooting took place.

The evidence for the defendant shows that at the time of the alleged shooting defendant was suffering from a "blackout"; that he did not know where he was, and in fact knew nothing of what happened. He had been for several years in the Merchant Marines in the South Pacific during World War 2, where he contracted malaria while at Guadalcanal. Since his discharge from the service he had suffered recurring attacks of this malady. He testified that for relief therefrom he indulged in drink, and on the morning of this particular occasion he drank some liquor for relief while at Cafe 66, which is about 5 miles from the City of Harlan, soon after which he "blacked out" and knew nothing thereafter until the following morning. As to his recurring malaria attacks and as to the consequent effects after drinking, he was corroborated by his father and other witnesses.

Based upon the facts above, appellant insists that because the evidence failed to indicate a motive or malice for the shooting, the court should not have given Instruction I pertaining to the crime as set out in the indictment, one of the requisites being that the crime was committed wilfully, feloniously, and maliciously. It is not necessary to show previous ill will or animosity and the absence of evidence pertaining to motive does not preclude a finding of guilty in a crime involving malice or criminal intent. See Harrison v. Commonwealth,

279 Ky. 510, 131 S. W. 2d 454; and Wright v. Commonwealth, 221 Ky. 226, 298 S. W. 673.

There is no merit in appellant's contention that it was reversible error to use in Instruction I the phrase "not in self defense" rather than "not in apparently necessary self defense." There is no evidence to support a finding of shooting in self defense. The cases cited by appellant, in support of his view relative thereto, are not applicable here since those cases merely hold that where the evidence is wholly circumstantial and an alibi is pleaded, and where there is evidence of struggle, then a self defense instruction should be given. Such circumstances and facts do not fit into this case.

Neither do we conclude that appellant was entitled to an instruction on reckless use of firearms. There is no evidence here to indicate entire lack of purpose in drawing the pistol.

Appellant contends that the court's failure to define sudden affray was prejudicial error. Although it is proper to define sudden affray, failure so to do is not necessarily prejudicial. Gillis v. Commonwealth, 202 Ky. 821, 261 S. W. 591.

It is further contended that the court erred in its failure to give an instruction on insanity. We are not inclined to agree entirely with appellant in this although there is some merit in the contention. The court did instruct the jury that if it believed from the evidence that by reason of his drunkenness defendant's mental condition was such that he could not wilfully, maliciously, and feloniously commit the act with intent to kill, then it should find for the defendant.

Generally authorities take the view that mental incapacity resulting from voluntary intoxication, precluding one from entertaining intent, affords no defense. On the other hand, it is just as generally held that where a particular motive or intent is a necessary element it is proper to consider the mental condition of the accused. It is also generally held that if a person has legal memory and discretion when sober and voluntarily deprives himself of reason, knowing at the time his physical condition and his infirmity, he is responsible for his acts, and it makes no difference in the degree of responsibility because of such constitutional infirmity. But, in the

instant case, where there is an infirmity and the drinking is for relief of pain occasioned by that infirmity, rather than for voluntary intoxication, he is entitled to an instruction combining the two. Giving alone the instruction on drunkenness served to emphasize the fact of drunkenness without any relation to the malady from which appellant was suffering. Such an instruction would have a tendency to distract the minds of the jurors from the malady. The defendant's contention was that the recurring malaria, contracted while at Guadalcanal, in connection with the drinking, was the cause of the "blackout" and the court should have submitted to the jury the fact that if by reason of the two combined, defendant's mental condition was such that he could not wilfully, maliciously, and feloniously commit the act, then to find for the defendant.

There is an additional reason why the cause must be reversed. Appellant contends that he was entitled to an instruction on accidental shooting. This is obvious from the testimony of the prosecuting witnesses themselves. They stated that when Teeters pulled the gun they both grabbed him and in the scuffle all three of them fell to the ground and the gun went off. The defendant was entitled to and the court erred in not giving the instruction on accidental shooting.

Wherefore, the judgment is reversed for proceedings consistent herewith.