786

Ernest SENTERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955.

Cornett & White, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Ernest Senters, was found guilty of the crime of assault and battery and his punishment was fixed at confinement in jail for six months and a fine in the amount of $1,000.

On January 16, 1954, a rainy, misty night, George Baute and his wife were walking along the right hand side of U.S. Highway 25E when he was struck from the rear, hurled a distance of about thirty feet and injured. His wife was unhurt. The couple testified that they were walking on a path on the shoulder of the road, about three feet from the hard surface. They did not hear the car approach and saw no other traffic on the highway at this time.

Appellant stated that he was proceeding slowly because of the hazardous condition of the highway and that when he rounded a curve he saw the couple walking on the hard surface of the highway about thirty or forty yards in front of him. Simultaneously he saw a car approaching from the direction opposite to that in which he was traveling and it began to crowd him. Appellant's car, the second car and the pedestrians met at approximately the same point on the highway. Appellant said his car hit something with a slight impact and he thought he had either touched the second car, which had come over on his side of the road, or that he had hit a hole in the road. The second car did not stop and therefore he did not stop. He drove up the road about a mile and decided he had better go back and see what had actually happened. By this time he was overtaken by several persons who were near the scene of the accident but did not see it, and who had pursued him after they learned that someone had been hit. There were other people in the vicinity at the time of the accident but no other eyewitnesses, so it may be seen that there is a sharp conflict in the evidence concerning whose negligence was the direct cause of the accident.

If appellant's version is accepted, George Baute and his wife's negligence was the cause of the accident. See subsection (6) of KRS 189.570 and Saddler v. Parham, Ky., 249 S.W.2d 945. If the prosecuting witnesses' version is accepted, it may well be concluded that appellant was grossly negligent in leaving the surface of the pave-

ment or in failing to stop his car after he saw the pedestrians.

On this appeal, appellant's principal complaint is directed towards the instructions given. In addition to a reasonable doubt instruction, the court instructed as follows:

### Instruction I

"If the jury believe from the evidence beyond a reasonable doubt that the defendant, Ernest Senters, in Knox County, Kentucky, and within a year before the finding of the indictment herein, unlawfully and forcibly struck George Bouty (sic) with an automobile, the jury should find the defendant guilty and fix his punishment at any fine not to exceed Two Thousand ($2,000.00) Dollars, or at any jail sentence not to exceed one year, or may both so fine and imprison him, in your discretion and according to the evidence."

### Instruction II

"An 'assault' is an attempt or effort, with force or violence, to do a corporeal hurt to another by striking at another in striking distance with or without weapon, though the party striking misses his aim."

### Instruction III

"A 'battery' is any unlawful touching of the person of another, either by the aggressor himself or by any substance set in motion by him."

■ An examination of the above instructions discloses that they are similar in form to the usual instructions given in cases involving the common law offense of assault and battery, which offense presupposes a condition of actual malice or ill will on the part of the aggressor. Usually the charge is made in cases where ill will, malice and criminal intent may be presumed from the very nature of the act.

However, in Lyons v. Commonwealth, 176 Ky. 657, 197 S.W. 387, where the defendant was indicted for assault and battery in running his car against another, it was held that an illegal intent may be inferred from the willful doing of an act which is reckless, and in Commonwealth v. Temple, 239 Ky. 188, 39 S.W.2d 228, it was written that proof of gross carelessness in the operation of an automobile in disregard of the safety of others was sufficient to submit the case to the jury on the question of whether assault and battery had been committed.

In Marye v. Commonwealth, Ky., 240 S.W.2d 852, which was concerned with the crimes of voluntary and involuntary manslaughter, it was held that mere negligence or carelessness is not enough to impose criminal liability. The opinion set up and defined the degrees of negligence necessary to support conviction in voluntary manslaughter cases and in involuntary manslaughter cases, the court saying a finding of the jury, under proper instructions defining negligence, that the accused was guilty of willful and wanton negligence was sufficient to sustain a verdict of guilty of voluntary manslaughter and a finding of gross negligence was sufficient to authorize a conviction of involuntary manslaughter. For further discussion of this question see Fairchild v. Commonwealth, Ky., 267 S.W. 2d 528, and Kelly v. Commonwealth, Ky., 267 S.W.2d 536.

We see no difference in the theory applicable to homicide cases and assault and battery cases where the death or the injury results from the supposedly negligent operation of an automobile.

■ We have therefore concluded that since the only suggestion of criminal intent on the part of the accused results from the alleged negligence on his part, it was the duty of the court to give an instruction similar to those given in manslaughter cases in which the degree of negligence is defined.

We suggest that on another trial, instructions numbered II and III be eliminated, and that instruction No. I be modified to this extent:

"If the jury believes from all the evidence in this case, to the exclusion of every reasonable doubt, that the defendant, Ernest Senters, in Knox County, Kentucky, and within a year next before the finding of the indictment herein, did unlawfully operate an automobile on U.S. Highway 25E with gross carelessness and negligence and in so doing did forcibly strike George Baute with an automobile, you will find the defendant guilty of the offense of battery and fix his punishment at any fine not to exceed five thousand ($5,000.00) Dollars, or at any jail sentence not to exceed one year, or may both so fine and imprison him, in your discretion and according to the evidence."

 Gross carelessness and negligence should be defined as the failure to exercise slight care under the circumstances.

Judgment reversed.