Caywood BURNETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Eugene S. Wiggins, Wiggins & Wiggins, Richmond, for appellant.

J. D. Buckman, Jr., Atty Gen., John B. Browning, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

We sustain the motion of Caywood Burnett for an appeal from a judgment of conviction of assault and battery with an automobile. The penalty imposed was six months in jail and $2,500 fine.

The Commonwealth proved that the defendant operated an automobile on a Richmond street in a grossly negligent manner and struck Mrs. Oakley Wells at an intersection and seriously injured her. The sufficiency of that evidence to establish guilt prima facie is not questioned.

The defendant's plea of former jeopardy was denied. The day after the accident, on pleas of guilty, the defendant was convicted in the police court of three offenses committed at that time, namely, (1) "operating a motor vehicle on a public highway while under the influence of intoxicating liquors or narcotic drugs", (2) "operating a motor vehicle in a reckless and improper manner", and (3) running a red light. He was fined $100, $10, and $1 respectively. These convictions were pleaded in bar of the present prosecution for assault and battery.

It is part of our Bill of Rights that "No person shall, for the same offense, be twice put in jeopardy of his life or limb." Sec. 13, Kentucky Constitution. The Constitution also declares that a conviction or acquittal of a violation of a municipal ordinance governing the same offense denounced by a statute is a bar. Sec. 168. The Criminal Code of Practice provides that an acquittal upon a verdict or a conviction shall bar another prosecution for the same offense and that a former conviction or acquittal may be pleaded. Secs. 164, 172, 176, Criminal Code of Practice.

These constitutional and statutory laws perpetuate and make certain a maxim of the common law which has been constantly recognized from a very early period. They not only prohibit a second punishment for the same offense but go further and forbid a second trial for the same offense whether or not the accused was convicted or acquitted in the former trial.

The question before us is whether or not any one of the multiple convictions in the police court bars prosecution for assault and battery as a consequence of the offense. The appellant particularly urges upon us that since to be guilty of assault and battery with an automobile one must have been operating the car in a grossly negligent manner, a conviction on the latter charge is a conviction of the same offense. Many cases have arisen which required the court to determine what is the same offense. Abstract definition is easy. Difficulty often arises in the concrete application.

We have often said that the Commonwealth may not split a single act into two or more separate offenses, and that where a single act or transaction is sufficient to constitute more than one offense and an election for prosecution has been made, a conviction or acquittal on that charge is a bar to another prosecution based solely on the same act or transaction. Arnett v. Commonwealth, 270 Ky. 335, 109 S.W.2d 795. This is so even though the first trial was for a lesser grade of offense out of which the greater one stemmed. Thus, conviction in a justice's court of a breach of the peace by assaulting another person is a bar to his prosecution in the circuit court for assault and battery on the same person at the same time. Commonwealth v. Gill, 90 S.W. 605, 28 Ky.Law Rep. 879.

The delineation between different grades of the same offense, on the one hand, and distinct and independent offenses growing out of one and the same original transaction, on the other hand, is discussed comprehensively in Hughes v. Commonwealth, 131 Ky. 502, 115 S.W. 744, 31 L.R.A.,N.S., 693. In that case we held that conviction of illegal registration for voting was not a bar to prosecution for false swearing at such registration, the offenses not being identical nor merged into one act. In Newton v. Commonwealth, 198 Ky. 707, 249 S.W. 1017, we held the rule against splitting an act into separate offenses does not apply where a single act is common to two offenses but each contains additional elements not common to the other, nor if different parts of one continuous transaction or series of acts are separate offenses and can be separately proved.

Applying the rule of double jeopardy, or the definition of "the same offense", in the present case becomes less difficult by recognizing that the term is not directed to the act but to the case, and that driving an automobile on the street recklessly or while intoxicated is an offense complete in itself and may be, obviously, as it often is, committed without any other offense although such may be a consequence of the unlawful driving. The record of the instant case does not show that striking the pedestrian entered into the convictions in the police court trials.

In State v. Empey, 65 Utah 609, 239 P. 25, 28, 44 A.L.R. 558, the defendant pleaded in bar of the prosecution of involuntary manslaughter a conviction in a justice's court of the charge of operating an automobile in a reckless and careless manner when under the influence of intoxicating liquor. That act was the basis of the manslaughter charge. The Utah jeopardy statute was more specific and strict than

our statutes which simply say "the same offense." In denying the plea of former conviction, the court pointed out that the homicide was "clearly not a necessary element or ingredient in the charge of careless and reckless driving while in an intoxicated condition, which was the gravamen" of the charge and conviction in the justice's court, and that the offense was complete before the automobile struck the car in which the deceased was riding. It was further observed that the offense of so operating a motor vehicle was "created for the very purpose of preventing collisions and consequent injury to others who may be on the highway."

■■ The courts of several states have considered the same question. The cases, collected in Annotations, 44 A.L.R. 564, and 172 A.L.R. 1053, show that the courts have uniformly recognized that the offenses differ in kind and in the nature of proof required to support them and have reached the same conclusion as the Utah court. We may observe that in holding that the two offenses are not identical, the Supreme Court of California pointed out that reckless driving is merely malum prohibitum and does not involve injury to a person, while manslaughter is malum in se, which involves taking of human life. People v. Herbert, 6 Cal.2d 541, 58 P.2d 909, note 172 A.L.R. 1058. The same distinction is, of course, true as to assault and battery.

We are of opinion, therefore, that it was proper to deny the plea of former conviction.

We readily agree with the appellant that the instructions were prejudicially erroneous.

In Senters v. Commonwealth, Ky., 275 S.W.2d 786, we reconsidered the subject of assault and battery through the operation of a motor vehicle in the light of our decision in Marye v. Commonwealth, Ky., 240 S.W.2d 852, that ordinary negligence or carelessness is not enough to impose criminal liability for a homicide. An instruction was prepared for another trial of the Senters case which predicated conviction for assault and battery as a consequence of operating an automobile upon the basis of gross carelessness and negligence. Upon another trial of the instant case that form of instruction should be followed.

The defense in this case was that the accused at the time had involuntarily come under the influence of drugs taken to relieve intense pain, and, therefore, was not chargeable with criminal negligence or the consequences thereof. The instructions did not submit his affirmative defense.

The arresting officers testified the defendant was intoxicated at the time, but one of them stated he was "under the influence of dope", and the other that he could not tell the cause of intoxication. There is no contradiction that the defendant had not been drinking intoxicating liquor that day but had been suffering intense pain and taking narcotics for relief. An abscessed tooth had been pulled four days before the accident, but the pain was not relieved. During this period Burnett had gone to Dr. Pope's hospital several times. The doctor first administered an hypodermic injection "of morphine or something", and afterward gave him a prescription for a dozen nembutal capsules or pills. Burnett had never taken such narcotics before and did not know how many he had taken before starting to the hospital on this occasion to obtain relief. He had been up practically all night because of pain in his jaw. He thought he was in condition to run his car and was near the hospital when he struck the pedestrian. The defendant could not clearly remember what did happen. Dr. Blue, County Health Officer, saw the defendant at the jail shortly afterward and found his face badly swollen and him manifestly in great pain. He gave him another nembutal capsule. He and Dr. Pope testified that if barbital or nembutal pills or capsules do not produce sleep, it is highly probable a person taking them will get into a state of mind where he does not remember how many he had taken, and that

an excessive dose will produce an intoxicated condition.

■ Assault and battery is an act committed with a hostile intent, which may be manifested by reckless driving of a vehicle on a public road, the intent being imputed. Roberson's Ky.Cr.Law, Sec. 1107; Perkins v. Stein, 94 Ky. 433, 22 S.W. 649, 20 L.R.A. 861 (an action for damages by a pedestrian struck by a beer wagon); Commonwealth v. Temple, 239 Ky. 188, 39 S.W.2d 228. If one has been rendered incapable of having such intent, he is not guilty. But it is a rule almost universally recognized and applied that a person who voluntarily becomes intoxicated, and while in that condition does any act which if done by a person capable of distinguishing between right and wrong would be criminal if not excused or justified in some way, is responsible for his act, notwithstanding his mental condition at the time. The underlying principle of the rule is that a sane man who voluntarily puts himself in such a condition as to have no control over his will or actions must be held to intend the consequences springing therefrom. We have many times held it to be negligence per se to drive a motor vehicle on the highway while intoxicated and that one who does so is criminally liable for the consequences of his conduct. Raymer v. Commonwealth, 303 Ky. 418, 197 S.W.2d 903. On the other hand, it is an equally recognized rule that if intoxication is involuntary, as where it is caused by medical treatment by a physician, it is a defense to a criminal charge based on an act done under its influence if a particular motive or intent is an essential element. Thus, in Teeters v. Commonwealth, 310 Ky. 546, 221 S.W.2d 85, the defendant in a prosecution for maliciously shooting and wounding another with intent to kill contended that his drinking had been to relieve pain caused by recurring malaria rather than as a voluntary indulgence, that he had suffered a "blackout" and because of his mental condition brought about by pain and involuntary intoxication, he could not have wilfully or maliciously committed the act. We held he was entitled to an instruction on that defense.

Of special pertinence is Smith v. Commonwealth, Ky., 268 S.W.2d 937. The conviction was of voluntary manslaughter of a pedestrian by striking her with an automobile. The accused claimed he had suddenly suffered a "blackout" of mind at the time. It was proven that he had previously suffered similar mental lapses due to an epileptic condition while driving an automobile. We prepared an instruction to be given on another trial which was in substance and effect that the defendant should be acquitted if the jury believed he had suffered a blackout of his mind or had become unconscious to such an extent that it was impossible for him to avoid running his automobile against the pedestrian, *unless* the jury believed to the exclusion of a reasonable doubt that previous to the occasion the defendant knew he was subject to such spells and had failed to take such precautions in connection with the operation of the automobile as a reasonably prudent man would have taken under the circumstances. In reality, this recognizes that gross negligence may exist in a person not reasonably foreseeing or anticipating a state of mind which would render him incapable of driving an automobile and that doing so under such circumstances is gross negligence or a reckless and wanton disregard for the safety of persons on a highway or street.

We would not be understood as saying that mere temporary mental aberration resulting from voluntarily taking narcotics is a defense to crime any more than intoxication from alcoholic beverages. Milburn v. Commonwealth, 223 Ky. 188, 3 S.W.2d 204. Consideration must be given the fact that the statute makes it an offense to drive a motor vehicle while under the influence of either narcotic drugs or intoxicating liquors. KRS 189.520. But in the present case, according to the defendant's evidence, his mental lapse was caused by extreme pain and an overdose of a barbiturate narcotic not wilfully taken and a condition not reasonably anticipated.

■ In the present case, it seems to us that upon another trial an instruction in substantially this form should be given:

"If the jury shall believe from the evidence that when the defendant's automobile struck Mrs. Oakley Wells (if you shall believe from the evidence beyond a reasonable doubt that it did so), the defendant was under the influence of drugs taken under a physician's prescription to such an extent that he was incapacitated from exercising slight care in operating his automobile, and that he did not know or have reasonable grounds to foresee in taking such drugs that his mental condition would become such as to render him incapable of exercising such care in driving the automobile on the street at the time and place and would thereby endanger the lives and safety of persons thereon, you will find the defendant not guilty."

The judgment is reversed.