**William E. MAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1957.

P. H. Vincent, Ashland, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, William E. May, was convicted of voluntary manslaughter for shooting and killing David Estep, his brother-in-law, and was sentenced to confinement in the penitentiary for two years. He insists that the trial court failed to instruct the jury upon the whole law of the case in that no instruction concerning his defense of accidental shooting was given, and for that reason the judgment should be reversed.

On October 7, 1956, after Estep and appellant had attended a funeral, they met at the home of Ernest Bates, who lived nearby. The three men had been drinking. According to appellant's version of what transpired, Estep, upon arrival at the Bates home, said to appellant, "You hit Bess today," (Bess is appellant's mother), and further announced that he intended to "make him over." When appellant stood up—all the parties were in Bates's small kitchen—Estep knocked him to the floor. Appellant testified that by the time he had recovered from the blow, Estep had been put out of the house, but he heard him say from the yard, "I will go in there and stomp him." About this time appellant grabbed a rifle, which one of the women of the house was attempting to hide. He told Estep that he would hurt him and would not fool with him. Estep then returned to the kitchen and appellant pointed the gun toward Estep and Bates. All three were standing close together. Bates grabbed the gun and jerked it. The gun immediately went off and the bullet struck Estep who was advancing upon appellant. Estep died from the wound.

The other witnesses gave versions which differ somewhat from that advanced by appellant. Ernest Bates testified that when Estep came in the house, appellant said to Estep, "I can whip the whole generation." Estep said to him, "Including me?" May said, "Yes." Estep said, "Get on your feet." Appellant, May, then jumped up with his arms extended and was knocked to the floor by Estep. Bates testified that

May arose and said to Estep, "Don't hit me any more. I have had enough." In about a minute after May stood up, he picked up a chair, held it over his head and told Estep that he was going to "frame him" with it. Bates said he never heard Estep make any further threats toward May. May put the chair down, went into the living room of Bates's house, removed a twenty-two rifle from the wall, returned to the kitchen, and pointed it at Bates and Estep, whereupon Bates "knocked the gun down and it shot."

We believe the court erred in failing to give an instruction on accidental killing to which appellant was entitled.

In Richardson v. Commonwealth, 273 Ky. 321, 116 S.W.2d 639, it was stated, with ample authority, that the rule is firmly established that the court must give instructions in criminal trials applicable to every state of case deducible from the evidence and the accused is entitled to instructions submitting his theory of the case as disclosed by the testimony. In the Richardson case the evidence indicated that the homicide was either murder or an accident. The accused there admitted he was holding a pistol when it was discharged, but testified to facts which, if true, showed that the shooting was accidental. The court held that a concrete instruction embodying this feature should have been given.

In Teeters v. Commonwealth, 310 Ky. 546, 221 S.W.2d 85, 87, Teeters was convicted of maliciously shooting and wounding W. W. Whitfield with intent to kill. The opinion discloses that Teeters and Whitfield were strangers. On the occasion of the shooting Bill Whitfield was in the home of his brother George, and Teeters, who had fallen from a motorcycle in front of the home, came into the yard and started to drink from a bottle of liquor. He was admonished by George about drinking on his premises. Teeters then pulled a gun and the two brothers grabbed him. All three fell to the ground and the gun was discharged. The court said:

"They stated that when Teeters pulled the gun they both grabbed him and in the scuffle all three of them fell to the ground and the gun went off. The defendant was entitled to and the court erred in not giving an instruction on accidental shooting."

We are unable to distinguish those cases from the instant case and the judgment is therefore reversed.