Corbett BLACKBURN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1957.

Sanders & Redwine, Charles E. Lowe, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of wilfully shooting and wounding another with intent

to kill and sentenced to two years in the state penitentiary. On this appeal he contends he was entitled to an instruction on accidental shooting and was entitled to a new trial because of misconduct of a juror.

The substance of appellant's testimony is that he intended to scare the prosecuting witness by shooting at his feet, but he raised his pistol a little too high when he fired. The claim is that appellant *accidentally* wounded the prosecuting witness when he only intended to shoot at him and miss.

■■ A defendant may be entitled to an accidental shooting instruction if his shot strikes a person whose presence is not known or anticipated, Childers v. Commonwealth, Ky., 254 S.W.2d 704; or if his gun may have fired accidentally, Teeters v. Commonwealth, 310 Ky. 546, 221 S.W.2d 85. However, if one intentionally fires a weapon in the direction of a person known to be within range of his shot, he cannot claim the shooting to be accidental. Rowe v. Commonwealth, 206 Ky. 803, 268 S.W. 571; Clark v. Commonwealth, 227 Ky. 418, 13 S.W.2d 250. Clearly defendant was not entitled to the instruction claimed.

■ The next contention is that one of the jurors was related to the prosecuting witness and had shown prejudice against the defendant during the trial. The only proof of relationship, presented by affidavit, was based on hearsay. The juror was examined and denied the relationship, and stated that if such existed she was not aware of it at the time of the trial. Other prejudice was not established.

We find no reversible error in the record.

The judgment is affirmed.