**COMMONWEALTH of Kentucky, Appellant,**

v.

**Lloyd BARNHILL, Appellee.**

Court of Appeals of Kentucky.

June 3, 1977.

Robert F. Stephens, Atty. Gen., Frankfort, Miles H. Franklin, Asst. Atty. Gen., Frankfort, Charles R. Geveden, Commonwealths Atty., 1st Judicial District, Wickliffe, for appellant.

Dee L. McNeill, Hickman, for appellee.

Before HOWARD, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from an order of the Carlisle Circuit Court dismissing an indictment charging the appellee, Lloyd Barnhill, with reckless homicide under KRS 507.050.

As the result of an automobile accident involving an automobile allegedly driven by appellee, a passenger in the automobile was apparently killed. A state trooper investigating the accident issued a citation charging Mr. Barnhill with operating a motor vehicle while under the influence of intoxicating beverages (KRS 189.520). The following day Mr. Barnhill was taken before the Judge of the Carlisle Quarterly Court. With the County Attorney present Barnhill entered a plea of guilty to the charge and was fined $100.00 and costs. Two weeks later, the Carlisle County Grand Jury indicted him for reckless homicide. He moved the circuit court on the basis of former jeopardy to dismiss the indictment. From the order of the court granting this motion, the Commonwealth appeals.

The only question presented here is whether a conviction in Quarterly Court under KRS 189.520 is a bar to a subsequent prosecution under KRS 507.050 when the subsequent prosecution involves the same conduct as that in the previous prosecution.

Although neither the appellant nor the appellee has cited KRS 505.040 we believe it is controlling here. Section (1)(b) of that statute provides that a later prosecution is barred by a former prosecution when the second prosecution is for "[a]n offense involving the same conduct as the first prosecution, *unless each prosecution requires proof of a fact not required in the other prosecution* . . . ." (Emphasis added). It is clear that the offense of operating a motor vehicle while under the influence of intoxicating beverages requires proof of a fact, viz, intoxication, which is not required to be proved to establish reckless homicide. Reckless homicide, on the other hand, requires proof of facts, viz, recklessness and causing the death of another, not required to be proved to establish operating a motor vehicle while intoxicated.

Appellee argues that Section 13 of the Constitution of Kentucky bars his prosecution on the subsequent charge and in support of this argument he cites *Commonwealth v. Crowder*, 177 Ky. 268, 197 S.W. 643 (1917). That case, however, stands for the rule that one who has been put into jeopardy for an offense which includes other offenses has been put into jeopardy as to all included offenses. Nor do we find any support for appellee in *Burnett v. Commonwealth*, Ky., 284 S.W.2d 654 (1955). As pointed out on page 656 in *Burnett*, a case factually similar to this case:

> (T)he rule against splitting an act into separate offenses does not apply where a single act is common to two offenses but each contains additional elements not common to the other, nor if different parts of one continuous transaction or series of acts are separate offenses and can be separately proved.

The offenses involved in this case are distinct and separate offenses growing out of the same conduct. Neither is an offense included within the other. *See* KRS 505.020. Consequently, the prosecution of the appellee on the second charge does not violate Section 13 of our constitution.

The order of the trial court dismissing the indictment is reversed.

All concur.