Paul J. KELLER, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 10, 1986.

R. Barry Wehrman, Covington, for appellant.

David L. Armstrong, Atty. Gen., Paul W. Richwalsky, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

On February 21, 1985, the appellant, Paul J. Keller, caused the death of another when he drove his vehicle head-on into the car operated by the victim. Keller was intoxicated at the time. On May 24, 1985, an indictment was issued by the Kenton County Grand Jury which charged Keller with wanton murder in violation of KRS 507.020. On October 4, 1985, before Keller's trial, the Grand Jury added another count to the indictment charging Keller with the offense of operating a vehicle while under the influence of intoxicants, second offense.[1] At his arraignment on Count II, Keller was prepared to plead guilty to driving under the influence; however, his attorney asked for a fifteen-minute recess to be allowed to check the clerk's records before allowing his client to enter a plea of guilty to a second offense. The court advised Keller and his attorney thusly:

> [E]nter a plea of not guilty. That will give you time to look into the factual allegations of Count 2 and confer with your client, and if you decide to withdraw the not guilty plea at a later time, you can come before the Court. At that time I can hear any arguments.

When asked by counsel to repeat its advice, the court responded, "Sure. You can always withdraw the not guilty plea." Subsequently, on October 24, Keller moved for leave to withdraw his not guilty plea to Count II of the indictment and to enter a plea of guilty. The motion was strenuous-

1. Keller's previous drunk driving conviction oc-    curred in November, 1983.

ly opposed by the Commonwealth and the motion was denied. Keller was tried by a jury on both counts in November, 1985, and was found guilty of second-degree manslaughter and sentenced to serve five years in the penitentiary. He was also found guilty on the DUI charge and was fined $350 and given seven days to serve in the county jail.

In his appeal Keller contends first that the judge erred in refusing to accept his plea of guilty to the drunk driving charge. Keller further argues that this act greatly prejudiced him as it denied him the potential defense of double jeopardy and it allowed the jury to know of his previous conviction for drunk driving. It is Keller's position that the DUI charge was a lesser included offense of the wanton murder charge and that, had his guilty plea been accepted by the court, the Commonwealth would have been precluded from prosecuting him on the murder charge resulting from his actions on February 21, 1985. The court, he believes, became an "advocate" for the Commonwealth in so refusing to accept his plea. He would thus have us vacate his conviction under Count I of the indictment.

The appellant's arguments are easily disposed of by the recent case of *Jordan v. Commonwealth*, Ky., 703 S.W.2d 870 (1986), which considers the double jeopardy issue in light of *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). These cases clearly provide that even if the crime of drunk driving contained in KRS 189A.010 is a lesser included offense to murder, as set forth in KRS 507.020, and had the trial court accepted Keller's guilty plea to that offense, the Commonwealth would not have been barred by the double jeopardy clause to prosecute Keller on the greater offense of murder contained in Count I of the indictment. The following reasoning in *Ohio v. Johnson*, 104 S.Ct. at 2542, is applicable to the instant case:

Previously we have recognized that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense. See *Brown v. Ohio*, supra. [Citing *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).] In Brown the State first charged the defendant with "joyriding," that is, operating an auto without the owner's consent. The defendant pleaded guilty to this charge and was sentenced. Subsequently, the State indicted the defendant for auto theft and joyriding, charges which this Court held were barred by the Double Jeopardy Clause, since the defendant had previously been convicted in a separate proceeding of joyriding, which was a lesser included offense of auto theft. *Brown v. Ohio*, supra, 432 US, at 169, 53 L Ed 2d 187, 97 S Ct 2221 [at 2227].

We do not believe, however, that the principles of finality and prevention of prosecutorial overreaching applied in Brown reach this case. No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. [Citations omitted.] There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the state its right to one full

and fair opportunity to convict those who have violated its laws.

. . . . .

... Here respondent's efforts were directed to *separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated.* Notwithstanding the trial court's acceptance of respondent's guilty pleas, *respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the state from completing its prosecution on the remaining charges.* [Emphases added.]

From the above holding our U.S. Supreme Court has made it clear that one cannot evoke the protections of the Double Jeopardy Clause to ward off prosecution and the concomitant potential for a greater punishment by pleading guilty to a lesser included offense to charges pending against him. Because appellant did not request separate trials, we cannot speculate as to what effect a denial of such motion might have had under the circumstances.

■ Although a defendant may be tried on multiple offenses, he cannot receive multiple penalties for the same offense. Thus, as Keller was convicted of both manslaughter and drunk driving, it is necessary for us to examine the elements of those offenses to determine whether this punishment was impermissibly enhanced.

KRS 189A.010 provides as follows: "(1) No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol." Obviously, all the state must prove under an indictment under this statute is that (1) the defendant was intoxicated and (2) operating a vehicle. *See Commonwealth v. Barnhill*, Ky.App., 552 S.W.2d 241 (1977). Manslaughter in the second degree, on the other hand, as set out in KRS 507.040(1), requires the state to show that the defendant "wantonly causes the death of another person."

While we agree that driving under the influence of intoxicants would almost always be wanton, as we interpret KRS 507.040(1) the state need not prove the element of intoxication needed to support the DUI charge. Thus, the crimes are separate and distinct. *Commonwealth v. Barnhill, supra; Kruse v. Commonwealth*, Ky., 704 S.W.2d 192 (1985). Keller insists that if he had not been intoxicated on the night of the fatal accident, the state would never had considered charging him with murder. We disagree. Had a sober person operated his vehicle as did Keller, that is, at a dangerously high rate of speed in the wrong lane of traffic, such conduct would support an indictment and conviction for wanton murder or manslaughter.

Although our holding makes it unnecessary to address the issue of whether the court erred in refusing Keller's motion to amend his plea on the second count of the indictment, we will nevertheless speak to this issue. RCr 8.08 specifically provides that "[t]he court may refuse to accept a plea of guilty." While it may be rare that a court would force the Commonwealth and the defendant to proceed to trial when the defendant voluntarily wishes to plead guilty and accept the maximum sentence or penalty, we know of no requirement, constitutional or otherwise, that the court accept such a plea. Certainly where, as here, the Commonwealth articulates an objection to the plea and a reason why a trial should be had, failure to accept the plea does not constitute reversible error.

The judgment of the Kenton Circuit Court is affirmed.

All concur.