William Ray COBB, IV, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 91–CA–000285–MR.

Court of Appeals of Kentucky.

Jan. 10, 1992.

David Kaplan, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

Before HAYES, HUDDLESTON and McDONALD, JJ.

HUDDLESTON, Judge.

This is an appeal from convictions resulting from a conditional plea of guilty to Manslaughter in the Second Degree (KRS 507.040), Assault in the Second Degree (KRS 508.020), two counts of First Degree Criminal Mischief (KRS 512.020) and Operating a Motor Vehicle Under the Influence of Intoxicants, Second Offense (KRS 189A.010(1), (2)(b). The appellant received two seven-year sentences, a five-year sentence and a six-month sentence, respectively, to be served concurrently. The only issue on appeal concerns the trial court's refusal to accept a guilty plea on the charge of Operating a Motor Vehicle Under the Influence of Intoxicants. Finding no abuse of discretion, we affirm.

On April 7, 1990, the appellant, William Ray Cobb, IV, caused an automobile accident which resulted in the death of the operator of the other automobile and injuries to her passenger.

On the day of trial, Cobb attempted to enter a guilty plea to the charge of Operating a Motor Vehicle Under the Influence of Intoxicants. The Commonwealth stated that it would not object to the plea as long as it was understood that it intended to use the plea as evidence in the trial. The trial court then stated that it would not permit such a plea if double jeopardy would attach. The Commonwealth and Cobb disagreed as to the effect of the plea. The Commonwealth contended that double jeopardy would not attach. Cobb, however, indicated strongly that double jeopardy would attach if the plea were accepted. The court then held that under that circumstance the plea would not be accepted.

Cobb subsequently entered his conditional plea to the charges under RCr 8.09 [1], which, at the time of his plea, provided:

1. RCr 8.09 has been amended effective November 15, 1991, eliminating the phrase "and the consent of the Commonwealth."

With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

On appeal it is argued that the trial court acted as both judge and prosecutor in refusing to accept the plea when the Commonwealth had no objection to its entry. Cobb maintains that the denial was arbitrary and capricious. We disagree.

■ RCr 8.08 pertains to guilty pleas and provides as follows:

A defendant may plead not guilty, guilty or guilty but mentally ill. The court may refuse to accept a plea of guilty or guilty but mentally ill, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or guilty but mentally ill or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

There is no requirement, constitutional or otherwise, that a court accept a guilty plea. *Keller v. Commonwealth*, Ky.App., 719 S.W.2d 5 (1986). Moreover, the rule itself specifically provides that "[t]he court may refuse to accept a plea of guilty...."

■ In this case, in light of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which held that convictions for both driving while intoxicated and for vehicular homicide based on driving while intoxicated violated the double jeopardy clause, there was no error in refusing to accept the guilty plea.

We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

495 U.S. at 510, 110 S.Ct. at 2087, 109 L.E.2d at 557.

In *Grady*, the defendant had been permitted to plead guilty to the misdemeanor charges of driving while intoxicated and failing to keep to the right of the median. Unbeknownst to the trial court, but known to the defendant, the victim in the automobile accident had died before the taking of the plea. Two months after sentencing, he was indicted and charged with Reckless Manslaughter, Criminally Negligent Homicide and Third–Degree Reckless Assault. The New York Court of Appeals held, and the U.S. Supreme Court agreed, that the state's intent to rely on the prior traffic offenses as acts necessary to prove the homicide and assault charges violated the Double Jeopardy Clause. The court reasoned that an overworked prosecutor's office, which resulted in the trial court being unaware of the victim's death, did not excuse the need for scrupulous adherence to constitutional principles. The defendant could not be tried for the other offenses.

The holding in *Grady* was recently applied in Kentucky to preclude a conviction at a single trial for Wanton Murder and Driving Under the Influence of Alcohol which arose from a single incident. *Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991).[2] Kentucky courts make no distinction concerning double jeopardy in cases where there are multiple prosecutions in a single trial and those involving successive prosecutions. *Id.*, at 105, 106.

The videotape of the hearing held on December 10, 1990, reveals that Cobb was well aware of the holding in *Grady* and intended to use it to bar a subsequent conviction of Manslaughter. In light of this strategy, the trial court did not abuse its discretion in refusing to accept the plea.

---

**2.** The court in *Walden* did not expressly overrule *Keller v. Commonwealth*, Ky.App., 719 S.W.2d 5 (1986), decided prior to *Grady*, which held that double jeopardy principles could not bar the Commonwealth from prosecuting the defendant for Wanton Murder, although the defendant had been permitted to enter a guilty plea to Driving While Intoxicated. *Keller* was, however, discussed in Justice Wintersheimer's dissent.

Accordingly, the judgment entered on January 31, 1991, is affirmed.

All concur.