Gerald Scott FARMER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1998–CA–000919–MR.

Court of Appeals of Kentucky.

Aug. 20, 1999.

Rehearing Denied Oct. 22, 1999.

Jimmy Dale Williams, Richmond, for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, Samuel J. Floyd, Jr. Assistant Attorney General, Frankfort, for Appellee.

BEFORE: COMBS, EMBERTON, and McANULTY, Judges.

## OPINION

COMBS, Judge.

The appellant, Gerald Scott Farmer (Farmer), appeals from the judgment of the Madison Circuit Court convicting him of reckless homicide and sentencing him to five years' imprisonment. Having reviewed the record on appeal, we find no error and affirm Farmer's conviction and sentence.

On August 9, 1997, Farmer was involved in an automobile accident while driving north on U.S. 25 in Madison County, Kentucky. His car collided with a southbound vehicle driven by Kenneth A. Payne. Payne was killed almost instantly in the accident, and Farmer sustained a broken hand and other minor injuries; there were no passengers in either car. Before he was taken to the hospital, a breathalyzer test was administered to Farmer by the responding officer, Kentucky State Police Trooper Merle Harrison. At the hospital, Trooper Chris Crockett interviewed Farmer and obtained his consent to collect urine and blood samples for testing.

Subsequently, on November 20, 1997, Farmer was indicted by the Madison County Grand Jury on the charges of Reckless Homicide (KRS 507.050) and Operating a Motor Vehicle While Under the Influence (KRS 189A.010). On February 25, 1998, prior to trial, Farmer filed motions to dismiss the DUI charge against him on the ground of double jeopardy and to suppress the results of the blood and urine tests. On March 2, 1998, prior to the commencement of the trial, the trial court conducted a hearing on the motions and denied both. However, the court held that the DUI charge should be treated as a lesser-included offense of reckless homicide and that the jury be instructed that Farmer could be convicted of only one of the charges—not both. The case proceeded to trial, and the jury found Farmer guilty of reckless homicide. On April 1, 1998, the court entered final judgment, sentencing Farmer to five years' imprisonment. This appeal followed.

■ Farmer argues on the appeal that the court erred in denying his motion to suppress the results of his blood and urine tests. He contends that his consent was not voluntary and that, therefore, the taking of blood and urine samples from him constituted an illegal search—a search that was not supported by probable cause. We disagree.

■ The taking of a blood sample from a criminal suspect for testing consti-

tutes a search for real or physical evidence which implicates and activates the Fourth Amendment to the United States Constitution. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). All searches conducted without a warrant are considered unreasonable unless they come within one of the exceptions to the rule requiring a valid warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Consent constitutes one of the exceptions to the warrant requirement. *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). The Commonwealth has the burden of proving by a preponderance of the evidence that the defendant voluntarily consented to the search in question. *Cook v. Commonwealth*, Ky., 826 S.W.2d 329 (1992). The issue of whether the consent was indeed voluntary must be determined from the specific circumstances of a case. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). This issue is a preliminary question to be decided by the trial court, and its findings are conclusive if they are supported by substantial evidence. *Talbott v. Commonwealth*, Ky., 968 S.W.2d 76 (1998).

Farmer maintains that his consent was not voluntary because Trooper Crockett's actions at the hospital led him to believe that he was under arrest and that he was required to submit to the search or lose his license under the implied consent laws. In seeking Farmer's permission to collect blood and urine samples, Trooper Crockett informed him of his *Miranda* rights and of the implied consent laws. However, Trooper Crockett repeatedly told Farmer that he was *not* under arrest and that it is the policy of the Kentucky State Police to collect blood samples in any case involving a fatality. Farmer first verbally consented to the search and then signed a hospital consent form to allow the collection of blood and urine samples.

■ We cannot conclude that Farmer was threatened or coerced either explicitly or implicitly in consenting to the collection of the samples. "The question of voluntariness is to be determined by an objective evaluation of police conduct and not by the defendant's subjective perception of reality." *Cook v. Commonwealth*, 826 S.W.2d at 331, *citing Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Farmer was specifically told that he was not under arrest; and there have been no allegations that Trooper Crockett was unprofessional or abusive in his conduct. After having been informed of his *Miranda* rights and of the implied consent laws, Farmer consented to the taking of blood and urine samples. We hold that the trial court did not err in denying Farmer's motion to suppress evidence as the collection of the samples constituted a consensual search.

■ Farmer next contends on appeal that the court erred in denying his motions to dismiss the DUI charge and to enter a directed verdict on the DUI charge on the ground of double jeopardy. We find no error.

■ Pursuant to the double jeopardy clause of the Fifth Amendment to the United States Constitution, no person shall "be subject for the same offence [sic] to be twice put in jeopardy of life or limb[.]" Section 13 of the Kentucky Constitution contains a virtually identical provision. In *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1997), the Kentucky Supreme Court announced a return to the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which is codified at KRS 505.020, determining when a single course of conduct may establish more than one offense. Under this test, "[d]ouble jeopardy does not occur when a person is charged with two crimes arising from the same course of conduct, as long as each statute 'requires proof of an additional fact which the other does not.'" *Burge*, 947 S.W.2d at 811, *quoting Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). Thus,

we must determine whether Farmer's conduct violated two distinct statutes and if so, whether each statute required proof of an element that the other did not.

Farmer was charged with DUI and reckless homicide. KRS 189A.010(1) provides:

A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

(a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;

(b) While under the influence of alcohol;

(c) While under the influence of any other substance or combination of substances which impairs one's driving ability;

(d) While under the combined influence of alcohol and any other substance which impairs one's driving ability; or

(e) While the alcohol concentration in his blood or breath is 0.02 or more based on the definition of alcohol concentration in KRS 189A.005 if the person is under the age of twenty-one (21).

KRS 507.050(1) provides that "[a] person is guilty of reckless homicide when, with recklessness he causes the death of another person." Reckless homicide and DUI require proof of wholly distinct and disparate elements. DUI does not require proof of a death of another person; reckless homicide does not require proof that a person was in physical custody of an automobile while intoxicated or while consuming alcohol. Analogously, in *Justice v. Commonwealth*, Ky., 987 S.W.2d 306 (1998), the Supreme Court, applying the "same elements" test, held that double jeopardy did not serve as a bar to the dual, simultaneous prosecution of DUI and first-degree assault (requiring proof that the defendant caused serious physical injury either intentionally or wantonly). We find no error in the trial court's denial of Farmer's motion to dismiss and of his motion for a directed verdict as to the charge of DUI premised on his double jeopardy argument.

The last issue raised by Farmer on appeal is whether the court committed reversible error by reading KRS 189A.010(1)(a) & (b) and KRS 189A.010(2)(a) & (b) to the jury. During *voir dire*, defense counsel questioned the jurors as to whether they knew the "legal limit" for DUI in Kentucky. One juror responded that he believed it was .08. Defense counsel then asked whether the other jurors agreed. Another juror then stated that the "legal limit" was .10 and made a reference to proposed legislation to lower the limit to .08. Defense counsel acknowledged that the juror was correct and pursued this line of questioning. The Commonwealth objected. The trial court read the two aforementioned statutes and their subsections to the jury. Neither the Commonwealth nor defense counsel objected. After the court finished reading the statutes to the jury, defense counsel proceeded to discuss the "legal limit" and the proposed legislative changes with the jury.

"Error on appeal cannot be considered in the absence of a proper objection to preserve that error for appellate review." *Sherley v. Commonwealth*, Ky., 889 S.W.2d 794, 796 (1994). The trial court must be given the opportunity to rule on the issue. *Hunter v. Commonwealth*, Ky., 560 S.W.2d 808 (1977). This issue was not preserved by a timely objection; defense counsel first raised its objection to the trial court's action in a post-trial motion without regard for the fact that it was defense counsel who had embarked upon this line of questioning. We find no error.

For the foregoing reasons, we affirm the judgment of the Madison Circuit Court.

ALL CONCUR.