RENDERED:  FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1574-DG

C.S., A CHILD UNDER EIGHTEEN                                    APPELLANT

ON REVIEW FROM KENTON CIRCUIT COURT
v.        HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 19-XX-00005

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  We granted discretionary review of this case in which the

Kenton Circuit Court vacated an order of the Kenton District Court.  The district

court had dismissed the case.  The circuit court reversed that dismissal and

remanded the case to the district court for additional proceedings.  After our

review, we affirm the circuit court.

This case involved the prosecution of a juvenile for separate charges of sodomy in the first degree and sodomy in the third degree. The Kenton Circuit Court's order of September 24, 2019, vacating and remanding, summarizes the background of this case as follows:

> C.S. was initially charged with Sodomy in the First Degree. The event leading to this charge was an incident between defendant, who was thirteen at the time, and a neighbor, who was fourteen at the time: the neighbor reportedly has a diagnosis of moderate to severe autism but was found competent to testify by the District Court. Defendant was convicted; that judgment was vacated on appeal in another division of the Kenton Circuit Court in case number 18-XX-002 based upon the Commonwealth's concession that the evidence was insufficient to establish forcible compulsion. The Commonwealth then proceeded to charge defendant with Sodomy in the Third Degree based on the same incident. [A charge under similar facts occurring after July 14, 2018 would be Sodomy in the Second Degree under KRS §510.080(1)(b), not Third Degree, per an amendment to the statutes. Kentucky Acts chapter 109 §3.] The District Court, noting that the only potentially applicable section of KRS §510.090 as it was in effect at the relevant time was that involving a victim who is incapable to consent due to their status as an individual with an intellectual disability, granted a defense motion to dismiss, stating that she had already found competency.

(Brackets in original.)

The district court's handwritten order entered on January 16, 2019, states as follows: "Δ motion – [word scratched out] sustained jeopardy attaches.

-2-

sodomy in the third degree requires incapable of consent victim found competent charge dismissed."

By order entered on September 24, 2019, the Kenton Circuit Court vacated the district court's order and remanded for further proceedings. The circuit court explained that different standards govern the determination of competency to testify under KRE[1] 601(b) and an "individual with an intellectual disability" under KRS[2] 510.080(4) as defined in KRS Chapter 202B:

> Both parties agree that these are different standards and the court's determination that a potential witness is competent to testify does not necessarily preclude a finding that they are an individual with an intellectual disability. . . . As the standards are different, this court does not find sufficient evidence in the record to support the finding of the trial court that the witness did not have an "intellectual disability," a finding that affects the element of capacity to consent.

The circuit court noted that the defendant's motion to dismiss in the district court also raised issues of double jeopardy and vindictive prosecution. The circuit court concluded that because the

> Third Degree [Sodomy] charge required proof of intellectual disability which the First Degree charge had not, it was not a lesser included offense and is not strictly barred by the double jeopardy clause of either the Fifth Amendment to the United States Constitution or Section Thirteen of the Kentucky Constitution.

---

[1] Kentucky Rules of Evidence.

[2] Kentucky Revised Statutes.

-3-

Furthermore, the circuit court concluded that:

> Although defendant complains . . . that in the first trial the Commonwealth did not raise present [sic] the issue of capacity to consent and specifically stated in closing argument that it was not pursuing a charge of Sodomy in the Third Degree as a lesser included offense, the later filing of the complaint of Third Degree may have been bad form but does not meet the criteria for prosecutorial vindictiveness.

On October 18, 2019, C.S. filed a Motion for Discretionary Review, which this Court granted by order of February 14, 2020.

C.S. first contends that the circuit court's interpretation of the law allows the Commonwealth "two bites at the apple." C.S. relies on KRS 505.040(1) and argues that successive prosecutions based upon the same course of conduct -- or on evidence that the Commonwealth could have presented but chose not to present -- are prohibited by law.

KRS 505.040 is entitled "Effects of former prosecution for different offenses[.]" Its subsection (1) provides as follows:

> Although a prosecution is for a violation of a different statutory provision from a former prosecution or for a violation of the same provision but based on different facts, it is barred by the former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal, a conviction which has not subsequently been set aside, or a determination that there was insufficient evidence to warrant

-4-

a conviction, and the subsequent prosecution is for:

(a) An offense of which the defendant could have been convicted at the first prosecution; or

(b) An offense involving the same conduct as the first prosecution, unless each prosecution requires proof of a fact not required in the other prosecution or unless the offense was not consummated when the former prosecution began[.]

The Commonwealth concedes that the previously vacated adjudication of sodomy in the first degree constitutes an acquittal on that charge from which C.S. is protected from retrial. (Appellee's Brief, p. 3.) However, C.S. argues that a subsequent prosecution on a charge of sodomy in the third degree is also barred because it is a lesser-included offense. He contends that even if it is not a lesser-included offense, a subsequent prosecution for sodomy in the third degree is barred because it constitutes "an offense of which the defendant could have been convicted at the first prosecution."

C.S. also argues that the circuit court erred by holding that due to different standards, "there was not 'sufficient evidence in the record' to support the trial court's finding that the victim did not have an 'intellectual disability.'" We address that argument first.

The version of KRS 510.090(1)(a) then in effect provided that:

-5-

A person is guilty of sodomy in the third degree when:
He or she engages in deviate sexual intercourse with
another person who is incapable of consent because he or
she is an individual with an intellectual disability[.][3]

KRS 510.010(4) defines an "individual with an intellectual disability" as "a person with significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the developmental period, as defined in KRS Chapter 202B[.]"

The district court's brief, handwritten order entered on January 16, 2019, states that "Sodomy 3rd requires incapable of consent[;] victim found competent." It appears that the district court erroneously equated the standard of capacity to consent with competency to testify. We agree with the Commonwealth that competency to testify is not dispositive of whether or not the victim has an "intellectual disability" under KRS 510.010(4). We find no error in the circuit court order vacating on this basis.

Next, we address C.S.'s argument that sodomy in the third degree is a lesser-included offense of sodomy in the first degree. "A lesser offense may be treated as a lesser-included offense if it does not require proof of a fact not required

_____

[3] The statute was amended effective July 14, 2018. As the circuit court correctly noted, a charge under similar facts occurring after that date would be sodomy in the second degree under KRS 510.080(1)(b).

to prove the greater offense; if it does, the offense is simply a separate, distinct offense." *Chames v. Commonwealth*, 405 S.W.3d 519, 525 (Ky. App. 2012).

> A defendant is put in double jeopardy when he is convicted of two crimes with identical elements, or where one is simply a lesser-included offense of the other. In such a case, the defendant has only actually committed one crime and can only endure one conviction. "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The same test is applied under Kentucky law as well. *See Commonwealth v. Burge*, 947 S.W.2d 805, 811 (Ky. 1996) ("Thus, we return to the *Blockburger* analysis.").

*Turner v. Commonwealth*, 345 S.W.3d 844, 847 (Ky. 2011).

As the Commonwealth notes, sodomy in the first degree requires proof of forcible compulsion[4] whereas sodomy in the third degree does not. Sodomy in the third degree requires proof that the victim is incapable of consent because he or she is an individual with an intellectual disability as defined in KRS 510.010(4); sodomy in the first degree does not. We agree with the circuit court that sodomy in the third degree is not, therefore, a lesser-included offense of sodomy in the first degree and is not barred by the double jeopardy clause of either

---

[4] KRS 510.070(1) provides in relevant part that "[a] person is guilty of sodomy in the first degree when: (a) He engages in deviate sexual intercourse with another person by forcible compulsion[.]"

the Fifth Amendment to the United States Constitution or Section Thirteen of the Kentucky Constitution because each offense requires proof of different facts. *Yates v. Commonwealth*, 430 S.W.3d 883 (Ky. 2014), upon which C.S. relies, is distinguishable on its facts. *See Chames*, 405 S.W.3d 519 (appellant not entitled to jury instruction on second-degree sexual abuse as lesser-included offense of first-degree sexual abuse because second-degree sexual abuse requires additional facts to prove victim incapable of consent due to being intellectually disabled).

C.S. also argues that a subsequent prosecution for sodomy in the third degree is barred under KRS 505.040(1)(a) because it is "'[a]n offense of which the defendant could have been convicted at the first prosecution,' even if it is not found to be a lesser-included offense." We do not agree.

Another panel of this Court recently rejected a similar argument in *Steelman v. Commonwealth*, No. 2017-CA-001121-MR, 2018 WL 4941736 (Ky. App. Oct. 12, 2018). In *Steelman*, the defendant argued that the Commonwealth was barred from prosecuting him under KRS 505.040(1)(a) for criminal possession of a forged instrument because he had previously pled guilty to an amended charge of not possessing his operator's license based on the same underlying facts which arose out of a stop for a minor traffic violation on February 10, 2016. Steelman claimed that the Commonwealth's failure to charge him simultaneously with all crimes associated with all the events of February 10, 2016, was fatal.

Alternatively, he asserted that collateral estoppel provisions of KRS 505.040(2) barred the subsequent prosecution. This Court disagreed, explaining that these arguments had been addressed in *Commonwealth v. Barnhill*, 552 S.W.2d 241 (Ky. App. 1977).

In *Barnhill*, the defendant was involved in automobile accident in which his passenger was killed. He was charged with operating a motor vehicle under the influence. The next day, he entered a guilty plea and paid a fine in court. Two weeks later, a grand jury indicted him for reckless homicide. The trial court granted the defendant's motion to dismiss the indictment on grounds of former (*i.e.*, double) jeopardy. The Commonwealth appealed. This Court reversed the dismissal of the indictment, reasoning as follows:

> Although neither the appellant nor the appellee has cited KRS 505.040 we believe it is controlling here. Section (1)(b) of that statute provides that a later prosecution is barred by a former prosecution when the second prosecution is for "(a)n offense involving the same conduct as the first prosecution, unless each prosecution requires proof of a fact not required in the other prosecution . . . ."

*Barnhill*, 552 S.W.2d at 242. The Court explained that the offenses of operating a motor vehicle while under the influence and reckless homicide each required proof of fact(s) that the other did not. The *Barnhill* Court relied on *Burnett v. Commonwealth*, 284 S.W.2d 654, 656 (Ky. 1955), which held that:

> [T]he rule against splitting an act into separate offenses does not apply where a single act is common to two offenses but each contains additional elements not common to the other, nor if different parts of one continuous transaction or series of acts are separate offenses and can be separately proved.

In *Barnhill*, the Court concluded that the offenses involved "are distinct and separate offenses growing out of the same conduct. Neither is an offense included within the other. Consequently, the prosecution of the appellee on the second charge does not violate Section 13 of our constitution." 552 S.W.2d at 242 (citation omitted).

Therefore, C.S. cannot avail himself of the defense of double jeopardy. We find no error on the part of the circuit court as to this issue.

C.S.'s remaining argument is that the Commonwealth's conduct is more than "bad form." He claims that it constitutes vindictive prosecution and that it should be prohibited as such. "Prosecutorial vindictiveness can manifest itself in two ways: actual vindictiveness and presumed vindictiveness based upon the facts and circumstances of the case." *Dickerson v. Commonwealth*, 278 S.W.3d 145, 152 (Ky. 2009). C.S. contends that the circumstances of this case strongly support a presumption of vindictiveness. However, the Commonwealth argues that any presumption of vindictiveness is rebutted by its change of strategy or perspective in good faith based on the discrepancy between the victim's testimony at trial *versus* the contradictory content of his pre-trial interview.

The circuit court concluded as follows:

> "Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *Yates v. Commonwealth*, 539 S.W.3d 654, 659 (Ky. 2018). Although defendant complains of the fact that in the first trial the Commonwealth did not present raise [sic] the issue of capacity to consent and specifically stated in closing argument that it was not pursuing a charge of Sodomy in the Third Degree as a lesser included offense, the later filing of the complaint of Third Degree may have been bad form but does not meet the criteria for prosecutorial vindictiveness.

We cannot say the circuit court abused its appellate discretion[5] in concluding that the Commonwealth's later filing of a complaint on the charge of sodomy in the third degree did not meet the criteria for prosecutorial vindictiveness under the facts of this case.

We AFFIRM the order of the Kenton Circuit Court, which correctly vacated and remanded this case to the Kenton District Court for further proceedings.

ALL CONCUR.

---

[5] In *Lee v. Commonwealth*, No. 2005-SC-000500-MR, 2006 WL 3386644, at *5 n.13 (Ky. Nov. 22, 2006), our Supreme Court explained that it knew of no Kentucky decision regarding the standard of review of trial court rulings on motions to dismiss indictments for prosecutorial vindictiveness, but that "rulings on motions to dismiss indictments are generally subject to abuse of discretion standard of review with factual findings subject to clearly erroneous standard."

BRIEFS FOR APPELLANT:

John Wampler
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher S. Nordloh
Drew C. Harris
Special Assistant Attorneys General
Covington, Kentucky