RENDERED: OCTOBER 1, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1460-MR

BILLY VICK                                                                                          APPELLANT

v.            APPEAL FROM GRAVES CIRCUIT COURT
            HONORABLE TIMOTHY C. STARK, JUDGE
            ACTION NO. 19-CR-00323

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE:  This is a criminal case involving the threshold issue of a motion to suppress.  Appellant, Billy Vick (Vick), appeals from an order of the Graves Circuit Court denying his motion to suppress.  After our review, we affirm.

On or about June 20, 2019, Detectives David Clark and Dustin Awberry of the McCracken County Sheriff's Office were informed during the course of a drug investigation that methamphetamine had been taken to Vick's

residence in Graves County. The McCracken County detectives and two deputies from the Graves County Sheriff's Office went to Vick's residence. They knocked on the door at approximately 4:00 a.m. They were met by an individual who was in the home and let them inside. Vick came into the living room from his bedroom. The McCracken County detectives asked Vick to step outside. The detectives advised Vick why they were there and asked for his consent to search the residence. Vick gave his consent.

The Graves County deputies remained with the individual in the living room. While inside, and unbeknownst to the detectives who were outside with Vick, the Graves County deputies conducted a protective sweep. Vick accompanied the detectives back into the residence and accompanied them during the search. When contraband was found, the detectives reread Vick his *Miranda*[1] rights and advised he could revoke his consent at any time. Vick told the detectives that he understood his rights and let them continue their search. Since Vick had consented to the search, it is unclear why a warrant was subsequently sought and obtained -- except perhaps out of an abundance of caution on the part of the police. However, the affidavit in support of the search warrant indicates that Vick consented to the search.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

On September 13, 2019, a Graves County grand jury indicted Vick for one count of trafficking a controlled substance, two counts of being a convicted felon in possession of a handgun, two counts of being a convicted felon in possession of a firearm, one count of possession of a controlled substance, and one count of possession of drug paraphernalia.

On October 23, 2019, Vick filed a motion to suppress all evidence derived from the entry and subsequent search of his home by law enforcement on grounds that the entry and search were without Vick's consent and violated his federal and constitutional rights.

On February 13, 2020, the trial court conducted a suppression hearing. Detective David Clark and Detective Dustin Awberry of the McCracken County Sheriff's Office testified. In addition, video footage from the body camera video of the officer who conducted the sweep was played and made a part of the record.

By order entered March 6, 2020, the trial court denied the motion to suppress as follows in relevant part:

> The Court finds that on June 19, 2020, Officers of the McCracken County Sheriff's Office were advised that Meth had been taken to the Defendant's residence in Graves County. McCracken County Officers met with Graves County Officers and went to the Defendant's house in the early hours of the morning. They knocked on the door and were admitted by a third person who was asleep in the living room. They entered the living room. The third person got the Defendant, brought him to the living room, and then the officers and the Defendant

-3-

went outside.  It is to be noted that nothing was observed in the living room that was the basis for the search warrant.  **While outside the home, the Defendant gave the officers consent to search the house**.  **Although the Defendant argues that consent was given due to coercion since there were four (4) officers there in the wee hours of the morning, the testimony of the officers establishes otherwise**.  Both officers that testified stated that the conversation was cordial, friendly and non-threatening, that the Defendant was advised three (3) or four (4) times that he could withdraw his consent, and he understood and that consent continued.  It does not appear that the Defendant was either restrained or under arrest at the time he gave his consent.  As a result of the consent, a search was conducted, and as a result probable cause was established to obtain a search warrant.

However, **the second issue was the fact that while the officers had the Defendant outside and the Defendant was consenting, another officer was making a protective sweep of the house.  Of course, that officer's action would be an illegal search.  The question becomes whether his action affected the consent search that was conducted**.

It does not appear that the officers outside the home were aware of the sweep being done, nor did the officer making the sweep advise them of anything that he had observed while making the sweep.  The Commonwealth calls the Court's attention to the independent source doctrine to justify the search. . . . That doctrine has been recognized by . . . the Kentucky Supreme Court as recently as the case of *Wilson v. Commonwealth*, 37 S.W.3d 745 (Ky. 2001).  In that case the Court stated that evidence does not have to be excluded if it has been obtained by means "sufficiently distinguishable" from the initial illegality. . . .  **Thus, it appears that the protective sweep yielded no evidence which is sought to be admitted, nor were the officers**

> **standing outside advised of any matter seen by the
> officer making the protective sweep.  It appears that
> the consent and the subsequent Search Warrant were
> entirely independent of that sweep**.

(Emphases added.)

On August 31, 2020, Vick entered a conditional guilty plea to charges
of first-degree possession of a controlled substance (methamphetamine) and
possession of a handgun by a convicted felon, reserving his right to appeal the
suppression order.  On November 4, 2020, the trial court entered judgment and
sentence on conditional plea of guilty.

On November 11, 2020, Vick filed a notice of appeal to this Court.

> An appellate court's standard of review of the trial
> court's decision on a motion to suppress requires that we
> first determine whether the trial court's findings of fact
> are supported by substantial evidence.  If they are, then
> they are conclusive.  Based on those findings of fact, we
> must then conduct a *de novo* review of the trial court's
> application of the law to those facts to determine whether
> its decision is correct as a matter of law.

*Commonwealth v. Neal*, 84 S.W.3d 920, 923 (Ky. App. 2002) (footnotes omitted).

Vick contends that the trial court erred in denying his motion to
suppress.  Although the trial court held that the protective sweep was unlawful,[2]

---

[2] The Commonwealth acknowledges that it did not argue that the sweep was lawful at the
suppression hearing.  (Appellee's Brief, at 5.)  "An appellate court may decide only those issues
which were fully presented to the trial court." *Commonwealth v. Smith*, 542 S.W.3d 276, 285
(Ky. 2018).

Vick argues that his consent to search was nonetheless coerced and that the protective sweep invalidated his consent.

> Warrantless searches are deemed unreasonable unless they fall within one of the enumerated exceptions to the requirement that all searches must be performed pursuant to a warrant. *Cook v. Commonwealth*, 826 S.W.2d 329 (Ky. 1992); *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971). Consent is one of the exceptions to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *Farmer v. Commonwealth*, 6 S.W.3d 144 (Ky. App. 1999). The Commonwealth has the burden of proving by a preponderance of the evidence that the defendant gave his voluntary consent to the search. *Farmer*, 6 S.W.3d at 146.

*Smith v. Commonwealth*, 181 S.W.3d 53, 57-58 (Ky. App. 2005).

As our Supreme Court explained in *Hampton v. Commonwealth*, 231 S.W.3d 740, 749 (Ky. 2007):

> While it is fundamental that a consent must be free, voluntary, and without coercion, it is also the case that "the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S. Ct. 2041, 2047-48, 36 L. Ed. 2d 854 (1973). Questions of fact are subject to review only for clear error, the most deferential standard of review. *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004).

The trial court rejected Vick's argument that his consent was coerced, having found that the conversation with Vick was cordial, that Vick was advised

several times he could withdraw his consent which he understood, and that his consent continued. The testimony of Detectives Clark and Awberry constitutes substantial evidence to support the trial court's findings which are conclusive. The trial court did not err in concluding that Vick's consent was ***not*** the product of coercion.

Vick also contends that any consent was invalid in light of the protective sweep.

> The exclusionary rule, based upon the Fourth Amendment's prohibition against unreasonable searches and seizures, provides that evidence obtained through an illegal search is not admissible against an accused. . . . However, a major exception . . . exists for information obtained from independent or causally remote sources.

*Wilson v. Commonwealth*, 37 S.W.3d 745, 748 (Ky. 2001) (footnotes omitted). However, the trial court found that the protective sweep yielded no evidence sought to be admitted and that the detectives standing outside were not advised of any matter seen by the officers making the protective sweep. The testimony presented at the hearing provided a substantial evidentiary foundation to support those findings. Based upon those findings, the trial court concluded that Vick's consent and the subsequent search warrant were entirely independent of the sweep.

The trial court properly relied upon the independent source doctrine as set forth in *Wilson*, *supra*, to justify the search. We agree with the trial court's analysis and conclude that it did not err in denying Vick's motion to suppress.

-7-

Accordingly, we affirm.


ALL CONCUR.


BRIEF FOR APPELLANT:

David Bundrick
Paducah, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General
Frankfort, Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky