RENDERED: MAY 30, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0394-MR

DESTINEE RICE                                                            APPELLANT

v.
APPEAL FROM CLARK CIRCUIT COURT
HONORABLE COLE ADAMS MAIER, JUDGE
ACTION NO. 22-CR-00184

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: L. JONES, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: Destinee Rice ("Rice") pled guilty to operating a motor vehicle under the influence of a controlled substance, with the aggravating circumstance of having caused serious physical injury, and received the minimum term of imprisonment of four (4) days under Kentucky Revised Statute ("KRS") 189A.010(5). The Clark County Grand Jury then indicted Rice on two (2) counts of second-degree assault for the injuries sustained by the driver and passenger of the other vehicle resulting from the same accident. Following the denial of Rice's

motion to dismiss based on double jeopardy, she entered a conditional plea and now appeals. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2021, Rice caused an automobile collision when she struck another vehicle, resulting in serious physical injuries to the driver and passenger. At the hospital, police found a small bag of heroin in Rice's possession. Additionally, Rice admitted to police that she had smoked marijuana prior to the collision and had used heroin the previous day.

In February 2022, a grand jury indicted Rice on the charges of first-degree possession of a controlled substance (heroin), operating a motor vehicle while under the influence of a controlled substance ("DUI"), and failure to maintain insurance.[1] In August 2022, Rice pled guilty to the offenses in this indictment ("DUI Conviction") and the case was continued for sentencing. Then, on September 6, 2022, the Clark County Grand Jury indicted Rice for two counts of second-degree assault stemming from the same automobile collision (the "Assault Indictment"). Her arraignment for those charges was held the following month on the same date she was to be sentenced for the offenses in the DUI Conviction. Subsequently, on that date, Rice requested a continuance of her

---

[1] We cite Rice's motion to dismiss for details about the DUI Conviction, as those court filings are from a separate indictment and are not part of the record in this appeal.

sentencing so counsel could investigate any potential double-jeopardy implication. The circuit court offered Rice the opportunity to withdraw her guilty plea to the charges in the DUI Conviction, but she declined.

In November 2022, Rice pled not guilty to the assault charges. During the same court appearance, Rice was sentenced for her DUI Conviction. She received the minimum sentence of one (1) year imprisonment for first-degree possession of a controlled substance (heroin) and four (4) days' imprisonment for DUI with the aggravated circumstance of having caused serious physical injury.

Thereafter, in May 2023, Rice filed a motion to dismiss the Assault Indictment, arguing that double jeopardy barred her prosecution for the assault offenses because she had already pled guilty and been sentenced for that conduct in her DUI Conviction. On May 25, 2023, the circuit court held a hearing and ultimately denied Rice's motion to dismiss.

In February 2024, Rice entered a conditional guilty plea to both assault counts and reserved her right to appeal the double jeopardy issue. On February 15, 2024, the circuit court sentenced Rice to five (5) years' imprisonment per the plea agreement but probated her sentence for five (5) years. This appeal followed.

We will develop additional facts below.

## ANALYSIS

### 1. Standard of Review

"Because the trial court's denial of Appellant's motion to dismiss was based upon a conclusion of law, we review *de novo*." *Keeling v. Commonwealth*, 381 S.W.3d 248, 253 (Ky. 2012) (footnote and citation omitted).

### 2. Discussion

On appeal, Rice first argues that the circuit court erred in not dismissing the Assault Indictment based on double jeopardy concerns following her conviction for aggravated DUI. She contends that since she pled guilty to the aggravated DUI charge, she could not also be convicted of the two (2) second-degree assault charges that were based on the same course of conduct. Rice claims that the subsequent convictions for second-degree assault violated the double jeopardy provisions contained in both the United States and Kentucky Constitutions.

As discussed by a panel of this Court in *Farmer v. Commonwealth*, "[p]ursuant to the double jeopardy clause of the Fifth Amendment to the United States Constitution, no person 'shall be subject for the same offence [sic] to be twice put in jeopardy of life or limb[.]' Section 13 of the Kentucky Constitution contains a virtually identical provision." 6 S.W.3d 144, 146 (Ky. App. 1999). The Court went on to state:

> In *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1997),
> the Kentucky Supreme Court announced a return to the
> "same elements" test set forth in *Blockburger v. United
> States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932),
> which is codified at KRS 505.020, determining when a
> single course of conduct may establish more than one
> offense. Under this test, "[d]ouble jeopardy does not
> occur when a person is charged with two crimes arising
> from the same course of conduct, as long as each statute
> 'requires proof of an additional fact which the other does
> not.'" *Burge*, 947 S.W.2d at 811, *quoting Blockburger v.
> United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76
> L. Ed. 306, 309 (1932).

*Id*. Therefore, the relevant inquiry involves whether the "same elements" are involved and not the "same conduct." *See Justice v. Commonwealth*, 987 S.W.2d 306, 309-11 (Ky. 1998) (rejecting application of "same conduct" test and retrospectively applying *Burge*). As a result, we must determine "whether [Rice's] conduct violated two distinct statutes and if so, whether each statute required proof of an element that the other did not." *Farmer*, 6 S.W.3d at 146-47.

In this case, Rice was first charged with, and pled guilty to, a misdemeanor first offense DUI from the automobile collision. Had she proceeded to trial, the Commonwealth would have had to prove that she "operate[d] or [was] in physical control of a motor vehicle . . . [w]hile under the influence of any . . . substance or combination of substances which impairs one's driving ability[.]" KRS 189A.010(1)(c).

Alternatively, Rice also pled guilty to two Class C felony counts of second-degree assault. *See* KRS 508.020(2). Had she proceeded to trial, the Commonwealth would have been required to prove that Rice "wantonly cause[d] serious physical injury to another person by means of a deadly weapon or a dangerous instrument." KRS 508.020(1)(c).

Thus, in this case, second-degree assault and DUI require proof of wholly distinct and disparate elements. A DUI charge does not require proof of "wantonly cause[d] serious physical injury to another person by means of a deadly weapon or a dangerous instrument." KRS 189A.010(1)(c). Similarly, second-degree assault does not require proof that a person was in physical custody of an automobile while under the influence of a substance that impairs one's driving ability. KRS 508.020(1)(c).

Analogously, the Kentucky Supreme Court, applying the "same elements" test, determined that "the DUI statute does not preclude a conviction for First-Degree Assault." *Justice*, 987 S.W.2d at 312 (citation omitted). The Court noted that while an assault offense requires proof of a serious physical injury, it "does not require any proof of . . . intoxicate consumption" as is necessary in the DUI statute. *Id*. Indeed, "[t]he DUI statute requires no proof of injury to another or proof of the defendant's state of mind." *Id*. Thus, the Court concluded that prosecution for an assault offense and DUI did not offend the Double Jeopardy

-6-

Clause or case law as outlined in *Blockburger*. *Id. See also Johnson v. Commonwealth*, 36 S.W.3d 763, 765 (Ky. App. 2001) ("[E]ven though Johnson previously pled guilty to a DUI charge arising out of an automobile collision, his subsequent conviction for assault in the first degree arising out of that same automobile collision did not constitute a double jeopardy violation.").

Rice attempts to distinguish her case by arguing that her DUI involved aggravating circumstances. Specifically, under KRS 189A.010(11)(c), one such aggravating circumstance is if the person operating a motor vehicle "cause[d] an accident resulting in death or serious physical injury as defined in KRS 500.080[.]" Under the statute:

> [f]or the first offense within a ten (10) year period . . . [i]f any of the aggravating circumstances . . . are present while the person was operating or in physical control of a motor vehicle, the mandatory minimum term of imprisonment shall be four (4) days, which term shall not be suspended, probated, conditionally discharged, or subject to any other form of early release[.]

KRS 189A.010(5)(a). Thus, because Rice's impaired driving caused a motor vehicle collision that resulted in serious physical injury, the circuit court sentenced her to the mandatory statutory minimum of four (4) days' imprisonment. *See* KRS 189A.010(5)(a) and (11)(c).

However, Kentucky appellate courts have interpreted KRS 189A.010(5)(a) as establishing that an aggravating circumstance goes to the

sentence and is not an element of the offense. In *Commonwealth v. Ramsey*, our Supreme Court clarified that KRS 189A.010(5) (formerly KRS 189A.010(4)) is the penalty portion of the DUI statute. 920 S.W.2d 526, 529 (Ky. 1996) ("[W]e hold that KRS 189A.010(1) contains the elements of the crime of DUI. KRS 189A.010[(5)] is the penalty portion of the DUI statute and does not create additional crimes."). Thus, the DUI's aggravating circumstance imposed a statutorily mandated minimum sentence rather than constituting an element of the offense. *See also Furnish v. Commonwealth*, 95 S.W.3d 34, 51 (Ky. 2002) ("Aggravating circumstances are not criminal offenses subject to double jeopardy considerations."); *Woodall v. Commonwealth*, 63 S.W.3d 104, 132 (Ky. 2001) ("Simply because the aggravating circumstance duplicates one of the underlying offenses does not mean that the defendant is being punished twice for the same offense."); *Caudill v. Commonwealth*, 120 S.W.3d 635, 677-78 (Ky. 2003) (citations omitted) ("Nor is it double jeopardy to convict a defendant of robbery or burglary and then use the same offense as an aggravating circumstance authorizing capital punishment."). Thus, we can discern no double jeopardy implications.

Rice next argues that KRS 505.040 bars her conviction for the assault charges. This issue was not preserved, and Rice has requested palpable error review under Kentucky Rule of Criminal Procedure ("RCr") 10.26. Under that rule, "[a] palpable error which affects the substantial rights of a party may be

considered by . . . an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

KRS 505.040(1)(a) states the following:

Although a prosecution is for a violation of a different statutory provision from a former prosecution or for a violation of the same provision but based on different facts, it is barred by the former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal, a conviction which has not subsequently been set aside, or a determination that there was insufficient evidence to warrant a conviction, and the subsequent prosecution is for:

(a) An offense of which the defendant could have been convicted at the first prosecution[.]

We disagree that the statute precludes Rice's conviction, as this argument was addressed in *Commonwealth v. Barnhill*, 552 S.W.2d 241 (Ky. App. 1977).

In *Barnhill*, the defendant was involved in an automobile accident in which his passenger was killed. *Id.* at 241. Barnhill was charged with operating a motor vehicle under the influence. *Id.* The next day, he entered a guilty plea and paid a fine in court. *Id.* Two weeks later, a grand jury indicted Barnhill for reckless homicide. *Id.* The trial court granted the defendant's motion to dismiss

the indictment on grounds of former (*i.e.*, double) jeopardy, and the Commonwealth appealed. *Id.*

A panel of this Court reversed the trial court's dismissal of the indictment, reasoning as follows:

> Although neither the appellant nor the appellee has cited KRS 505.040 we believe it is controlling here. Section (1)(b) of that statute provides that a later prosecution is barred by a former prosecution when the second prosecution is for "(a)n offense involving the same conduct as the first prosecution, unless each prosecution requires proof of a fact not required in the other prosecution[.]"

*Id.* at 242. The Court explained that the offenses of operating a motor vehicle while under the influence and reckless homicide each required proof of facts that the other did not. *Id.* The *Barnhill* Court relied on *Burnett v. Commonwealth*, 284 S.W.2d 654, 656 (Ky. 1955), which held that:

> the rule against splitting an act into separate offenses does not apply where a single act is common to two offenses but each contains additional elements not common to the other, nor if different parts of one continuous transaction or series of acts are separate offenses and can be separately proved.

In *Barnhill*, the Court concluded that the offenses involved "are distinct and separate offenses growing out of the same conduct. Neither is an offense included within the other. Consequently, the prosecution of the appellee on the second

charge does not violate Section 13 of our constitution." 552 S.W.2d at 242 (citation omitted). Therefore, we can discern no palpable error.

## **CONCLUSION**

For the foregoing reasons, we affirm the Clark Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky